IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE B. ADAMS,         No. CIV S-07-1579-LEW-CMK-P

    Petitioner,

  vs.                    FINDINGS AND RECOMMENDATIONS

D.K. SISTO, Warden, et al.,

    Respondents.

_____/

        Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion to dismiss (Doc. 8) on the following grounds: (1) the instant petition is a second or successive petition filed without leave to the Ninth Circuit Court of Appeal; and (2) the instant petition was filed beyond the one-year statute of limitations. Petitioner has filed an opposition.

///
///
///
///
///

# I. BACKGROUND

Petitioner challenges his August 6, 1996, conviction and sentence to 25 years to life. Petitioner's conviction and sentence were affirmed by the California Court of Appeal on March 30, 1998, but vacated on an issue involving the order of restitution and remanded to the trial court for further proceedings. The California Supreme Court denied direct review on July 8, 1998. The trial court amended the judgment on the restitution issue on October 28, 1998, and petitioner did not appeal the amended judgment.

Petitioner then filed seven post-conviction actions as follows:

| | | |
|---|---|---|
| First Action | Sacramento County Superior Court | Filed February 11, 1999<br>Denied March 9, 1999 |
| Second Action | California Court of Appeal | Filed April 26, 1999<br>Denied May 6, 1999 |
| Third Action | California Supreme Court | Filed June 2, 1999<br>Denied August 25, 1999 |
| Fourth Action | California Supreme Court | Filed August 8, 2000<br>Denied November 29, 2000 |
| Fifth Action | Sacramento County Superior Court | Filed July 17, 2006<br>Denied September 1, 2006 |
| Sixth Action | California Court of Appeal | Filed October 11, 2006<br>Denied October 19, 2006 |
| Seventh Action | California Supreme Court | Filed December 20, 2006<br>Denied June 13, 2007 |

///
///
///
///

In addition, plaintiff has filed a prior federal habeas corpus case in this court on August 9, 2000 (case no. CV-S-00-1706-GEB-PAN-P).[1] That petition was dismissed as untimely. This court in that case concluded that petitioner had until January 10, 2000, to file his federal petition.[2] The dismissal was affirmed by the Ninth Circuit and the mandate issued on March 15, 2004.

## II.  DISCUSSION

### A.     Second or Successive Petition

The court agrees that the instant petition should be dismissed as a second or successive petition filed without leave of the Court of Appeals.  See 28 U.S.C. § 2244(b); Cooper v. Calderon, 308 F.3d 1020, 1023-24 (9th Cir. 2002).

### B.     Statute of Limitations

The court also agrees that the instant petition is untimely. Logically, if the prior federal petition was untimely when it was filed in 2000, this petition – which challenges the same conviction and sentence – must also be untimely. To the extent petitioner raised new claims in the fourth, fifth, sixth, and/or seventh state post-convictions actions which go to actual innocence or which could not have been raised before, that would have been appropriate for argument to the Ninth Circuit on an application for leave to file a second or successive federal petition. Similarly, to the extent petitioner agues a change in law since the prior federal petition was denied, that argument would also need to be addressed in his Ninth Circuit application.

///

///

///

---

[1]   A review of the court's docket for this case reveals that petitioner was challenging the same state court conviction and sentence. Petitioner failed to reveal the existence of this prior federal petition in the instant petition.

[2]   The court granted tolling for the first, second, and third state post-conviction actions.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondents' motion to dismiss (Doc. 8) be granted;

2. This action be dismissed; and

3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED: January 14, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4